FILED
United States Court of Appeals
Tenth Circuit

October 19, 2009

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

MADONNA KIENLEN,

Defendant – Appellant.

No. 08-8096
(D. Ct. No. 2:07-CR-00199-WFD-1)
(D. Wyo.)

ORDER AND JUDGMENT[*]

Before **TACHA**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Ms. Kienlen was indicted for voluntary manslaughter in violation of 18 U.S.C. §§ 1112 and 1153. She waived her right to a jury and was tried by the bench. Ms. Kienlen was found guilty. The United States Probation Office prepared a presentence report ("PSR"), which calculated the applicable range under the United States Sentencing

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Guidelines ("Guidelines") as 87–108 months. Ms. Kienlen did not object to the PSR. The district court sentenced her to 96 months' imprisonment. She now appeals the length of her sentence.

Ms. Kienlen's lawyer has filed an *Anders* brief. Under *Anders*, a defendant's lawyer may seek permission to withdraw as counsel in an appeal if, "after a conscientious examination," the lawyer finds the appeal "wholly frivolous." *Anders v. California*, 386 U.S. 738, 744 (1967). *Anders* requires the lawyer to "submit a brief to the client and the appellate court indicating any potential appealable issues based on the record." *United States v. Calderon*, 428 F.3d 928, 930 (10th Cir. 2005). The client has the option of submitting her own arguments for the court's consideration. *Id.* We must then "conduct a full examination of the record to determine whether [the] defendant's claims are wholly frivolous." *Id.* If the claims are found to be frivolous, we may grant counsel's motion to withdraw and dismiss the appeal. *Id.* Ms. Kienlen's lawyer identifies two potential appealable issues: (1) the reasonableness of the sentence; and (2) the trial court's admission of photographs of the victim. In this case, Ms. Kienlen did not file a brief.

Ms. Kienlen's sentence is both procedurally and substantively reasonable. "Procedural reasonableness involves using the proper method to calculate the sentence. Substantive reasonableness involves whether the length of the sentence is reasonable given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a)." *United States v. Conlan*, 500 F.3d 1167, 1169 (10th Cir. 2007). The PSR correctly stated that the base offense level for a conviction under 18 U.S.C. §§ 1112 and

1153 is 29. The PSR did not recommend any enhancements or adjustments, and it calculated Ms. Kienlen's criminal history score as I. An offense level of 29 and a criminal history category of I produces an advisory Guideline range of 87–108 months, which the PSR correctly reported. Accordingly, the district court arrived at the proper Guidelines range in determining Ms. Kienlen's sentence. The sentence is procedurally reasonable.

Ms. Kienlen was sentenced to a within-Guidelines sentence of 96 months' imprisonment. We have held that sentences imposed within the correctly calculated guidelines range, such as the sentence imposed here, "may be presumed reasonable on appeal." *United States v. Haley*, 529 F.3d 1308, 1311 (10th Cir. 2008). In this case, the § 3553(a) factors do not compel a lower sentence. Therefore, the resulting sentence is substantively reasonable.

We also conclude that the district court did not err in admitting photographs of the victim into evidence. Under Rule 403 of the Federal Rules of Evidence, a district court may exclude evidence "if its probative value is substantially outweighed by the danger of unfair prejudice." Fed. R. Evid. 403. Other circuits have held, and we agree, that excluding evidence in a bench trial under "Rule 403's weighing of probative value against prejudice [is] improper." *Gulf States Utils. Co. v. Ecodyne Corp.*, 635 F.2d 517, 519 (5th Cir. 1981); *see also Schultz v. Butcher*, 24 F.3d 626, 632 (4th Cir. 1994) (stating that, in bench trials, "evidence should not be excluded under 403 on the ground that it is unfairly prejudicial"). Thus, Rule 403 does not provide a valid basis for contesting the

admission of the photographs in this case.

Finally, we have independently reviewed the record and we do not find any basis to challenge the conviction or the sentence. Accordingly, we grant counsel's motion to withdraw and dismiss this appeal.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge